IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK EUGENE SAFFOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-249-WHA |
| | ) | [WO] |
| D.A.–MONTGOMERY AL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama, files this 42 U.S.C. § 1983 action against the District Attorney of Montgomery County, Alabama, and The Honorable J.R. Gaines.   He seeks to challenge the constitutionality of state-court criminal proceedings pending against him in the Circuit Court for Montgomery County, Alabama.   Plaintiff requests that his case be "naturalized" and that he be released from custody.   Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

Plaintiff alleges that his trial on pending criminal charges has been rescheduled since July 2018.   He contends, however, that the State of Alabama does not have enough evidence to bring him to trial, that the "defendant" testified under oath she could not

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis.* Doc. 3.   A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).   This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

identify Plaintiff from a line-up, and that the available evidence reflects that he is innocent of the charges. Doc. 1.

## A.    Claims Against Judge Gaines

### 1.    Non-Final Orders

To the extent Plaintiff seeks relief from non-final adverse rulings Judge Gaines has made in his judicial capacity during state-court criminal proceedings over which he has jurisdiction, Plaintiff is not entitled to relief from this court on these claims because there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, Plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

### 2.    Final Orders

To the extent Plaintiff seeks to challenge the constitutionality of orders issued by Judge Gaines that have become final under state law, this court lacks jurisdiction over such an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Although "*Rooker-Feldman* is a narrow doctrine," it bars Plaintiff from proceeding before this court on any claims

challenging final orders issued by the state court because these claims are "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance*, 546 U.S. at 464 (citation omitted); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983) (holding that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"). Moreover, a § 1983 action is not an appropriate avenue to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that § 1983 suit arising from alleged erroneous decisions of a state court is a prohibited appeal of the state-court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the request for relief from final actions undertaken by Judge Gaines during proceedings related to Plaintiff's state-court criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. St. of Ga. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## B.     Claims Against the District Attorney

Plaintiff names the District Attorney for Montgomery County, Alabama, as a defendant. He complains the State has insufficient evidence on which to bring him to trial. Doc. 1. However, "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A

3

prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (holding in a § 1983 action that "the immunity that the law grants prosecutors [for actions intimately associated with initiation,  prosecution and punishment in a criminal case] is 'absolute'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," and this includes the prosecutor's representation of the State's interests during the sentencing phase of a criminal aciton. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citing *Imbler*, 424 U.S. at 430–31). Furthermore, this immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City St. Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord Prince v. Wallace*, 568 F.2d 1176, 1178–79 (5th Cir. 1978).

Plaintiff's challenge to the actions of the District Attorney for Montgomery County in initiating and prosecuting criminal charges against him arises from this defendant's role "as an 'advocate' for the state" and relates to actions that are "intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). The defendant prosecutor is entitled to absolute immunity

for this conduct. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493.  Further, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state-court criminal proceedings related to his conviction or sentence. *See Feldman*, 460 U.S. at 486–87; *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).

## C.    Challenge to Plaintiff's Pending Criminal Charges

Plaintiff asks this court to intervene into criminal proceedings ongoing before the Circuit Court for Montgomery County, Alabama.  Specifically, he requests the dismissal of the state criminal charges pending against him. Doc. 1 at 4.  Under federal law, this court must refrain from issuing the requested relief.

In *Younger v. Harris*, 401 U.S. 37, 44–45 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin criminal prosecutions against them in state court.  "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37).  The Supreme Court in *Younger*, 401 U.S. at 43–45, therefore directed federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings.  The relief sought need not directly interfere with an ongoing proceeding

or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden St. Bar Assoc.*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the requisite elements for *Younger* abstention is present.  First, Plaintiff is awaiting trial on criminal charges before the Circuit Court for Montgomery County, Alabama.  Second, enforcement of the law is an important state interest.  Finally, Plaintiff may raise his claims in the pending state-court proceedings by filing appropriate motions with the trial court and, if unsuccessful on these motions, petition the Alabama Court of Criminal Appeals for review of any adverse decision.  In addition, if Plaintiff is convicted of the offenses lodged against him, he may present his claims on direct appeal before the state appellate courts or in a state post-conviction petition under Rule 32 of the Alabama Rules of Criminal Procedure.  Although exceptions to *Younger* abstention are permitted where (1) irreparable injury because of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief, *Mitchum v. Foster*, 407 U.S. 225, 230 (1972), Plaintiff presents no credible basis for invoking these exceptions.  The mere fact that Plaintiff must defend himself in state criminal proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the

special legal sense of that term.").  Plaintiff's conclusory allegations regarding the validity of the criminal charges pending against him do not establish the bad faith or harassment that would justify the extraordinary declaratory relief he seeks from this court—summary dismissal of the state criminal charges pending against him.  There also is no allegation that Plaintiff has been charged under state laws that violate the Constitution, and he has not set forth any extraordinary circumstances entitling him to the requested relief.

For these reasons, this court abstains from considering the merits of Plaintiff's claims questioning the validity of the pending criminal charges and the trial court's decisions regarding pre-trial matters involving trial continuances and the production of discovery materials and evidence because these claims are not cognizable in a 42 U.S.C. § 1983 action at this time.  Consequently, to the extent Plaintiff requests declaratory relief requiring dismissal of the pending criminal charges, equity, comity, and federalism concerns require the court to abstain from considering these claims.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      The § 1983 claims against Defendants be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2.      Plaintiff's request for declaratory relief, which entails intervention by this court into the pending state criminal proceedings, be DISMISSED without prejudice under the *Younger* abstention doctrine so Plaintiff may pursue his claims in the state courts;

3.      This complaint be DISMISSED prior to service of process.

It is further ORDERED that **on or before June 12, 2019**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the

factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 29th day of May, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE